BOUTALL, Judge.
This case involves a collision between an automobile driven by the defendant, Mrs. Nuria Badilla, and a bicycle ridden by the plaintiff, Frederick J. Herzog. Plaintiff claims Mrs. Badilla was negligent in striking his bicycle. The trial court rendered judgment in favor of defendants, Mrs. Badilla, her husband Jamie (Jaime) Badil-la, and Liberty Mutual Insurance Company (the uninsured motorist carrier for Mr. Herzog) dismissing plaintiff’s suit. He has appealed.
The facts as to how this accident occurred derive mainly from the testimony of the two litigants and the investigating police officer. As the following accounts show, the facts are greatly in dispute.
Mrs. Badilla testified that she was traveling on Behrman Highway on a Sunday morning intending to go to church. As she approached the intersection of Behr-man Highway and Baldwin Woods she noted a cyclist on the extreme right-hand side of her lane. At this time she estimated that she was about 50 feet from the cyclist, and as she neared him to within about 10 feet, he suddenly turned to the left at the intersection, directly into the path of her car. Mrs. Badilla stated that she slammed on her brakes and turned her wheels to the left to avoid the collision but still struck the Herzog bicycle on the left side. At the moment of impact Mr. Her-zog was thrown up onto the windshield of the car shattering the glass; he then rolled off the car and fell to the street. Mrs. Badilla got out of her car and noticed that Mr. Herzog was cut on the forehead and seemed to be dazed and confused. She and a passerby helped Mr. Herzog to the roadside where he remained until the emergency unit took him to the hospital.
Mr. Herzog’s version of the accident is quite different. He testified that he was riding his bicycle on the extreme outside edge of Behrman Highway intending to turn onto Baldwin Woods, which is the ac *214 cess road for Brechtel Park. Some distance before the intersection, but not close to it, he glanced over his shoulder to see if the road was clear for his proposed left hand turn. He saw no vehicle approaching, but a split second later he was struck from the rear. He testified that he was not in the process of turning because he had not yet reached the intersection. He denies being thrown up on the windshield, but states he was thrown forward in front of the car. He denies being cut on his forehead, receiving only a back injury and a bad bruise on his left leg. He states he was not helped from the street by Mrs. Badilla, but rather by the police officer.
The police officer’s testimony was indefinite as to cause of the accident, but tending to support Mrs. Badilla. He found some mud in the roadway at about the middle of the .righthand lane of Behrman Highway, 10 feet from Baldwin Wood Road, indicative of collision point. He stated that the car windshield was broken on the right side and that Mr. Herzog and his bicycle were off to the side of Behr-man Highway by Baldwin Woods when he arrived. He called the emergency unit because Mr. Herzog had a head injury and appeared incoherent. The officer further stated that Mr. Herzog said something about a left turn signal, although both litigants deny that any such signal was given.
In cases such as this where the testimony of the parties is so divergent the trial court often relies upon the physical evidence as an aid in its decision as to credibility. The physical evidence offered at trial includes a series of photographs of the accident location, a series of photographs of the bicycle and the bicycle itself. Plaintiff places great stress on the configuration of the damages done to the bicycle. He asserts that any reasonable man viewing the bicycle could easily see that it was not struck from the side, but rather from the rear. We find the physical evidence to be inconclusive. The damage to the bicycle does not show clearly that the bicycle was struck directly from the rear. Such damages can readily be explained by the bicycle turning left and the automobile swerving left with the collision taking place toward the center of the road.
Since the trial judge obviously also found the physical evidence to be inconclusive, his decision as to whether the plaintiff had carried the burden of proof necessarily rested upon the credibility of the witnesses. Great weight must be given to the trial-court’s determination of credibility. Canter v. Koehring Co., 283 So.2d 716 (La.1973); May v. Finest Foods, Inc., 303 So.2d 192 (La.App. 4th Cir. 1974).
We find no manifest error in the trial court’s decision that plaintiff has failed to carry his burden of proof. Accordingly, we affirm the judgment appealed from. Plaintiff-Appellant is to pay all costs.

Affirmed.