BOUTALL, Judge.
In this tort action Clayton E. Cote seeks damages for an alleged false arrest. The incident occurred in defendant Krauss Co., Inc.’s store. The trial court found in favor of defendant and dismissed plaintiff’s suit. Plaintiff has appealed and we affirm.
The testimony shows a clear conflict as to how the incident occurred. Plaintiff testified that he was in Krauss’ store as a patron, and was looking at books when a security guard approached him and accused him of peeping into a stall in the men’s room. He said that the guard flashed a badge, grabbed him by the arm and attempted to take him to the security office. Plaintiff then became very indignant and insisted upon seeing the manager. The guard took him to the office where he was questioned for over an hour.
Plaintiff’s witness (a co-worker who happened to be independently in the store) stated that he was near the book display and saw plaintiff being led away by the arm.
The testimony of defendant’s store manager and guard differs. The guard testified that he saw plaintiff peeking at him in the stall. He shortly thereafter found plaintiff at the book rack and approached him intending to warn him against such habits. After being warned plaintiff became indignant and demanded to see the manager. The manager testified that plaintiff was in his office for only 20 minutes and the entire time was spent trying to calm him down. At no time was plaintiff put under arrest or told he could not leave the store.
The trial judge obviously decided this case on the basis of the credibility of the witnesses. Our duty in such a case is to leave that judgment undisturbed absent manifest error on the part of the trial court. Canter v. Koehring Co., 283 So.2d 716 (S.Ct.1973); Herzog v. Badilla, 317 So.2d 213 (La.App. 4th Cir. 1975); May v. Finest Foods, Inc., 303 So.2d 192 (La.App. 4th Cir. 1974).
The evidence discloses two witnesses proclaiming that an arrest was made and two witnesses denying it. There is no other useful evidence. We can find no error in the decision of the lower court.
For the above reasons the .judgment of the trial court is affirmed. Plaintiff-appellant is to pay all costs.

Affirmed.